UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   Case No. 17-cv-3848 (NG) (LB)
PETER UDDO,

                        Plaintiff,   **CONFIDENTIALITY STIPULATION AND [PROPOSED] ORDER**

      - against -

ROBERT DELUCA AND KIMBERLY DELUCA,

                        Defendants.
----------------------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED** between the parties in this action and ordered by the Court that the following provisions shall govern the treatment of documents and information provided in connection with this action.

      1.    All documents and information produced by or obtained from any party in this case, which is designated as "Confidential", shall be used solely by the receiving party for the purpose of prosecuting and/or defending this action and shall in no way be used in any other matter, dispute or litigation, except as otherwise provided in this Confidentiality Stipulation.

      2.    The parties may designate as Confidential any information produced in this action that contains or discloses non-public, sensitive personal or financial information (collectively, "Confidential Information"). Information is not properly designated as Confidential if it is in the public domain.

          a.    If written, the parties may designate Confidential Information by stamping each page thereof containing such Confidential Information with the legend "Confidential" at the time of production. Documents produced by the parties prior to the execution of this Confidentiality Stipulation marked "Confidential" shall be treated as Confidential Information. Moreover, written information disclosed between the parties prior to the execution of this Confidentiality Stipulation that is not marked "Confidential" may be designated Confidential Information by written notice indicating the identifiable Bates Stamp numbers of the documents.

    b. In the case of testimony, or other Confidential Information disclosed during the course of the case, whether on the record or in communications between counsel, the parties may designate such information as Confidential by stating on the record that such testimony shall be Confidential, and/or by designating such information as Confidential in a written notice.

    c. Inadvertent failure to designate material as Confidential shall not be deemed a waiver of any claim of Confidentiality as to such material, and the same thereafter may be corrected by supplemental written notice.

    d. It is not a violation of this Confidentiality Stipulation to have disclosed information not previously designated as Confidential that is subsequently designated as Confidential by one of the parties by written notice.

3. Any copy or reproduction of documents containing Confidential Information, or documents that otherwise refer to Confidential Information also shall be treated as confidential in accordance with the provisions of this Confidentiality Stipulation. Any summary or description of documents containing Confidential Information, whether written or oral, shall also be treated as Confidential in accordance with the provisions of this Confidentiality Stipulation.

4. Except with the prior written consent of the producing party or prior order of the Court, information designated Confidential may be disclosed by the receiving party only to the persons described in Paragraphs (a) through (f) below:

    (a) The United States District Court for the Eastern District of New York (and any appellate court), any personnel of this Court or any appellate court, and any jurors or prospective jurors in this action;

    (b) the court reporter(s) and videographer(s) employed in this action;

    (c) counsel of record in this case (together with their legal assistants, paralegals, clerks, and clerical staff, and any other attorneys employed by the law firms of record in this case);

    (d) independent copy and litigation support services to the extent counsel of record determines these services are necessary to the prosecution or defense of this action;

    (e) mock jurors and jury consultants retained to assist counsel of record in this action;

(f) Plaintiff, including where applicable, Plaintiff's employees, insurers, accountants and auditors with a need to know, and (to the extent necessary to assist Plaintiff in the prosecution of this action) Plaintiff's wife and children;

(g) Defendants, including where applicable, Defendants' employees, insurers, accountants and auditors with a need to know;

(h) witnesses and potential witnesses (including their separate counsel) whom a party reasonably believes to be relevant to the case, including testifying experts and expert witnesses and their assistants and clerical staff, provided that documents shown to such witnesses are limited to those reasonably believed to be relevant to the witnesses' involvement in the case and provided that such witnesses agree to return or destroy all copies of any document containing Confidential Information, and sign the agreement attached as Exhibit "A";

(i) any other experts, including nontestifying experts, including their assistants and clerical staff, that counsel of record retain, engage, or consult to assist them in this action;

(j) private investigators and other consultants, including their assistants and clerical staff, that counsel of record retain, engage, or consult to assist them in this action;

(k) any person who, as shown by the face of the Confidential Information, previously had or has possession of or access to the Confidential Information;

(l) subpoena recipients whom a party reasonably believes to be relevant to the case; and

(m) any law enforcement agency, to whom any party may provide Confidential Information if a party reasonably believes that the Confidential Information is evidence of a crime.

5. Before any person listed in paragraph (4)(b), (d), (e), (h), (i), or (j) is provided access to Confidential Information, the applicable lawyer shall make such person aware of his or her obligations under this Confidentiality Stipulation by giving such person a copy of this Confidentiality Stipulation to read and having the person sign the agreement attached as Exhibit "A". The Parties agree that an oral representation while under oath from a witness testifying

under subpoena in this case that he or she will maintain the confidentiality of documents designated as Confidential shall be sufficient to satisfy this provision.

6. Nothing in the Confidentiality Stipulation prohibits any person from disclosing Confidential Information in accordance with a subpoena, court order, or other legal process. However, the party who receives any subpoena, court order, or other legal process requesting the disclosure of Confidential Information must provide a copy to the party whose Confidential Information is requested by the earlier of: (i) two business days after receiving such subpoena, court order, or other legal process; or (ii) five days before disclosing any Confidential Information pursuant to such subpoena, court order, or other legal process.

7. If documents and things which have been designated as Confidential must be filed with the Court for any reason, any party may make an application to the Court to have such documents and things filed under seal (either in their entirety, or in redacted form, as appropriate). Unless and until the Court grants such application, the party seeking to file documents and things which have been designated as Confidential must file such documents and things publicly in unredacted form and immediately after filing, notify the party whose Confidential Information has been filed that the filing contains documents and things that it designated as Confidential. If such application is granted, the documents and things shall be designated as sealed and shall be thereafter filed in hard copy in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this action, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

> This envelope containing documents is not to be opened, nor the contents thereof to be displayed or revealed except by order of the Court or written consent of the parties.

8. Documents and things that are filed with the Court electronically (and permitted by the Court to be filed under seal) shall be designated as "Confidential" or "Sealed" on the Court's electronic docket system. In the event that a party's application to file any documents and things containing Confidential Information under seal is denied, or the Court Clerk does not, for any reason, allow or permit the filing of documents and things under seal, the parties agree to engage in good faith discussion regarding maintaining the confidentiality of the material.

9. For all information designated as Confidential, counsel for the parties agree to:

   (a) keep such information within their exclusive possession and control, except when Confidential Information is in actual use by a person authorized to use it pursuant to this Confidentiality Stipulation;

   (b) maintain and control the Confidential Information in such a manner as to prevent the disclosure of its contents to persons not so authorized by this Confidentiality Stipulation or to prevent an unauthorized use of the information by persons otherwise authorized to see the information; and

   (c) take reasonable steps to ensure that any such Confidential Information used by persons pursuant to this Confidentiality Stipulation be returned to Counsel or destroyed as soon as the information is no longer necessary to that person's participation in the case, notwithstanding paragraph 10 of this Confidentiality Stipulation.

10. This Confidentiality Stipulation shall not be construed as a waiver by either party of any objections to the production of documents or information, of any privilege recognized by law or of the right to challenge documents or information designated as Confidential as not being confidential and therefore not subject to the restrictions of this Confidentiality Stipulation. If a party has inadvertently produced information subject to a claim of immunity or privilege, the receiving party, upon request, shall return or destroy the inadvertently-produced materials within five business days of the request. The party returning such materials may move the Court for an order compelling production of such information.

11. Within 60 days of the conclusion of this action – including any appeal – all documents, transcripts or exhibits and other tangible materials not on file with the Court that constitute, reproduce or reflect any Confidential Information (and all copies thereof) shall be returned to Plaintiff and Defendants, respectively, or, in the alternative, each party must certify that it has destroyed such Confidential Information. All documents containing Confidential Information that are required to be retained by the Court shall be maintained by the Court under seal. Counsel of record and the parties to this action may each keep one set of all materials that have been filed with the court. No person is required to return or destroy, and may retain, work product. The conclusion of this action shall not relieve any person who has received Confidential Information pursuant to this Confidentiality Stipulation from the obligation of maintaining the confidentiality of such material and the information contained therein.

12. Any party, at any time while this action is pending, may challenge the Confidential designation of any document or information. Before seeking intervention from the Court, however, the parties will attempt to resolve any challenge in good faith. If no agreement between the parties is reached, the challenging party may apply to the Court for a ruling. Pending a ruling by the Court, the documents/information for which the Confidential designation is challenged shall retain the Confidential designation and the challenging party shall continue to treat such documents/information as Confidential.

13. Should any document or information provided pursuant to this Confidentiality Stipulation be disclosed, released or used for any purpose in violation of the terms or intent of this Confidentiality Stipulation, the parties acknowledge and agree that such violation constitutes imminent and irreparable harm that cannot be compensated by money damages. In the event of such violation, the non-breaching party may apply for immediate injunctive relief (including,

without limitation, a preliminary injunction and/or a temporary restraining order), in addition to and without prejudice to any other remedy available at law or in equity, without the need to post a bond or other security.

14.     If Confidential Information designated in accordance with the procedures of this Confidentiality Stipulation is disclosed to any person other than in the manner authorized by this Confidentiality Stipulation, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record, and, without prejudice to other rights and remedies of the producing party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

15.     This Confidentiality Stipulation may be modified by subsequent agreement of the parties, but only in a written agreement signed by the parties or their counsel.

16.     The foregoing is without prejudice to the right of any party hereto to apply to the Court (a) for a lesser or further protective order relating to any document and/or information provided pursuant to this Confidentiality Stipulation, and/or to take whatever other steps reasonably necessary to safeguard Confidential Information, or (b) to modify or rescind this order.

17.     The provisions and terms of this Confidentiality Stipulation shall not terminate at the conclusion of this action.

18.     Nothing herein shall prevent either party from making whatever use of its own Confidential Information and/or information that it or he wishes.

19.     The parties intend for this Confidentiality Stipulation to be so-ordered by the Court. However, this Confidentiality Stipulation shall be valid and binding and in full force and

effect immediately upon its execution by all parties regardless of whether or when the Court so-orders this Confidentiality Stipulation

20. This Confidentiality Stipulation may be signed in counterparts, and facsimile and pdf signatures shall be valid and binding.

**STIPULATED AND AGREED TO:**

Dated: New York, New York  
       January 8, 2018

Dated: Uniondale, New York  
       January 8, 2018

SCHLAM STONE & DOLAN LLP

By: *Joshua Wurtzel*  
    Richard H. Dolan, Esq.  
    Douglas E. Grover, Esq.  
    Joshua Wurtzel, Esq.  
    26 Broadway  
    New York, New York 10004  
    (212) 344-5400  
    *Attorneys for Plaintiff*

WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP

By: [signature]  
    Greg S. Zucker, Esq.  
    Daniel G. Lyons, Esq.  
    1201 RXR Plaza  
    Uniondale, New York 11556  
    (516) 622-9200  
    *Attorneys for Defendants*

**SO ORDERED:**

_____

## **EXHIBIT A**

I, _____, have reviewed the attached Confidentiality Stipulation and Order, and agree to be bound by its terms.

_____
Name:
Date:

1717582